## Leonard's Estate

*Stanley C. Fellows*, for petitioner.

RICHARDS, J., March 21, 1947.—This matter comes before us upon a petition to terminate the trust set up by the will of decedent. The trust arises under section 4 of the will, which reads as follows:

"4. All the rest, residue and remainder of my estate, real, personal and mixed—shall be divided into two equal parts, one of which I give, devise and bequeath to my husband, Allen A. Leonard; the other part I give, devise and bequeath to the Central Trust Company, Harrisburg, Pa., in trust, nevertheless, to invest and re-invest as may be necessary, any or all of it in good and safe securities and investments, and to pay the income therefrom unto my daughter, Irene H. Leonard, during her life, in semi-annual payments, and at or upon her decease to distribute the corpus and any income accrued thereon, which may not have been paid to my daughter, to any among her children, if any, share and share alike. Should any of her children

be deceased, their child or children shall represent the parent in such distribution. Should my daughter die before the decease of her father, and be without issue, I direct that her part—principal and interest accrued thereon—shall be paid to my husband."

From this, it appears that in the event of the death of the life tenant survived by issue, the issue take the corpus and undistributed income. However, should the life tenant die before decedent's husband, leaving no issue, the husband is given the corpus and undistributed income. No provision is made for the contingency that the life tenant survive the husband and has no issue.

The testimony shows that the life tenant is now 57 years of age, unmarried and without issue. There has been received expert medical testimony that the life tenant, by reason of her age, and the atrophy of the sexual organs, is unable to conceive or bear a child. Each of her parents had been married but once and the life tenant is the sole issue of that marriage. Under the terms of the trust, should the life tenant now die, there would be no heirs to take and an intestacy of the remainder interest would result. As the sole heir of each parent, the life tenant, would be entitled to receive such interest, which, after her death, could only be paid to her estate. The corpus of the trust consists entirely of personal property and there is no gift over. In view of all of these facts there would seem to be no point in continuing the trust, as it would bring about an absurd result.

### Order

And now, to wit, March 21, 1947, for the reasons aforesaid, the trust is terminated and the Central Trust Company of Harrisburg, Pa., trustee under the last will and testament of Nannie Leonard, deceased, is ordered and directed to pay to Irene H. Leonard the corpus and accumulated income of the trust, less its proper charge.